# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-471

ALFRED L. SMITH, JR.

VERSUS

KAOUGH & ASSOCIATES

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 03-01842
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**


Robert T. Jacques, Jr.
Attorney at Law
1039 Common Street, Suite B
Lake Charles, LA 70601
(337) 433-4674
Counsel for Plaintiff/Appellee:
        Alfred L. Smith, Jr.

Christopher R. Philipp
Attorney at Law
P. O. Box 2369
Lafayette, LA 70502-2369
(337) 235-9478
Counsel for Defendant/Appellant:
        Kaough & Associates

**DECUIR, Judge.**

Alfred Smith filed two separate workers' compensation claims against his employer, Kaough & Associates, seeking medical benefits and indemnity payments and alleging that two workplace injuries left him disabled. The claims were consolidated in the proceedings below and remain consolidated for purposes of this appeal. The workers' compensation judge ruled in favor of the claimant and awarded benefits, penalties, and attorney fees. The court also ordered the claimant to submit to an examination by a physician of the defendant's choosing. Both the claimant and the defendant have appealed. We affirm.

In thorough and detailed reasons for judgment, the workers' compensation judge summarized the evidence and her factual conclusions. Our review of the record reveals no manifest error in those conclusions; consequently, we affirm the judgment rendered below. We also render a separate opinion this day in the companion case, docket number 06-0472.

Taylor Kaough is an architect and has worked as a general contractor for thirty-five years. Smith was hired by Kaough as a carpenter in 1997 and later became a supervisor. He had a number of job related injuries through the years, but none which caused him to miss work. As time went on, however, Smith's responsibilities were modified to accommodate his injuries and he took on a more supervisory role. Taylor Kaough was complementary of his work, testifying that Smith was his best employee.

The two injuries at issue in this appeal allegedly occurred in August of 2001 and December of 2002. The first incident occurred when Smith lifted a heavy beam, and the second injury involved a heavy solid core door which Smith was attempting to hang after trimming the bottom. Kaough paid the initial medical bills associated with the 2001 accident. Smith did not return to work after the 2002 accident. While the evidence is equivocal, it appears that Smith did not inform Kaough of his injury

until several days after it occurred. He also did not tell Kaough that he would not be returning to work. Although Kaough reported the 2002 injury to its insurer in January 2003, no medical benefits were paid. In fact, Smith did not actually seek medical treatment specifically for that injury until August 20, 2004, when he first saw Dr. Clark Gunderson. Dr. Gunderson's records include MRI reports from October 2001 and September 2004 which reveal a disc herniation at the L5-S1 level, a condition consistent with his complaints of pain since 2001.

In this appeal, Kaough & Associates contends the workers' compensation judge erred in three respects: in finding that two work-related accidents occurred, in awarding disability benefits, and in concluding the August 2001 claim was not reasonably controverted. Alfred Smith's appeal questions the denial of penalties and attorney fees regarding the December 2002 accident and the award of disability benefits from the date of Dr. Gunderson's evaluation, August 20, 2004, rather than the date of accident, December 19, 2002. Smith also requests an increase in the award of attorney fees for work performed in this appeal.

Our review of the evidence reveals no manifest error in the conclusion reached by the workers' compensation judge that Smith met his burden of proving work-related accidents by a preponderance of the evidence. While the employment and medical records were equivocal, the evidence as a whole supports the factual conclusion reached below. We also find no manifest error in the finding regarding the claimant's disability status. Dr. Gunderson placed Smith on a no work status in August of 2004, and that evidence was uncontroverted. Smith was not pronounced disabled at any time prior to Dr. Gunderson's evaluation, nor was there other medical evidence questioning his disability status at the time the report was issued. Therefore, neither Smith's nor Kaough's assignment of error on the disability issue has merit.

2

We likewise find no manifest error in the conclusions reached by the workers' compensation judge on the issue of penalties and attorney fees. Kaough disputes the finding that the August 2001 accident was not reasonably controverted, while Smith disputes the finding that the December 2002 accident was reasonably controverted. The trial court's reasons are not clearly wrong or manifestly erroneous.

Finally, we deny Smith's request for an increase in the award of attorney fees for work performed in this appeal. Considering this request, we acknowledge that Smith successfully defended his right to compensation as awarded by the trial judge. However, because he filed his own appeal on other issues, and was ultimately unsuccessful in that regard, he is not entitled to an increased award of attorney fees for work performed on appeal. Accordingly, we decline to increase the amount awarded below.

For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Kaough & Associates.

**AFFIRMED.**